UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CRAIG M. STEFFEN,

        Plaintiff,

v.                                          Case No. 09-CV-120

JOHN E. POTTER,

        Defendant.
_____

## ORDER

On February 5, 2009, pro se plaintiff Craig M. Steffen ("Steffen") filed a complaint against defendant, the Postmaster General of the United States, alleging that his employment as a mail handler was terminated because of his back disability. Although the complaint does not specify the legal basis for Steffen's claim, the court considers Steffen's case to be brought pursuant to the Rehabilitation Act of 1973, Pub. L. No. 105-220, (codified as amended in scattered sections of 29 U.S.C.). Steffen now moves to proceed *in forma pauperis* and to appoint counsel.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court may not authorize a litigant to proceed *in forma pauperis* until it determines that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If the court concludes that the litigant is unable to pay the costs of commencing the action, the court must then determine the action is neither frivolous nor malicious, does not fail to state a claim upon which relief may

be granted, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

After reviewing his affidavit in support, the court finds that Steffen has not demonstrated that he is unable to pay the costs of commencing this action. Steffen indicates that he has cash, checking, savings or other similar accounts, but did not include the amount of such sums. Steffen also indicates that he has "maybe 10,000" in stocks and mutual funds, and that he has a monthly income of $10,000. Steffen also provided somewhat conflicting information on whether he owns his residence, which he values at $150,000. Given this information, Steffen has not established that he is unable to pay the $350.00 filing fee "and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Therefore, the court is obliged to deny Steffen's motion to proceed *in forma pauperis*.

The court now turns to Steffen's motion to appoint counsel. In general, civil litigants in federal court have no constitutional or statutory right to appointed counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). A district court may, however, request counsel to represent an indigent civil litigant under certain circumstances. See 28 U.S.C. § 1915(e)(1). Before requesting counsel to represent an indigent litigant, the court considers whether the litigant has made reasonable efforts to retain counsel or whether the litigant has been precluded from making such efforts, the difficulty of the case, as well as the competence of the litigant, and

whether counsel would affect the outcome of the case. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citations omitted). In support of his motion, Steffen simply asks the court to appoint an attorney to represent him, and cites the Rehabilitation Act. Steffen has not demonstrated that he has made any efforts to retain counsel. Moreover, given the nascent state of Steffen's case, the court finds his motion to appoint counsel to be premature.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the filing fee in this action within thirty (30) days from the date of this order, or the court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #4) be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 30th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge